IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GILBERT SIMMONDS,<br><br>                Petitioner,<br><br>   vs.<br><br><br>EARL HOUSER, Superintendent, Goose Creek Correctional Center,<br><br>                Respondent. | No. 3:19-cv-00295-JKS<br><br>ORDER OF DISMISSAL |

Gilbert Simmonds, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Docket No. 1 ("Petition"). Simmonds is in the custody of the Alaska Department of Corrections and incarcerated at Goose Creek Correctional Center following a 2015 conviction upon guilty plea to escape in the third degree in violation of ALASKA STAT. § 11.56.320(a)(1)). *See* https://records.courts.alaska.gov/ (Case No. 3AN-14-07101CR). In his Petition, Simmonds does not challenge that conviction but rather challenges on due process grounds a May 14, 2019, order of the Alaska Board of Parole, which sentenced him to serve 731 days for parole violations in its parole revocation order. Docket No. 1-1 at 1.

Pursuant to the Rules Governing Section 2254 Cases, the Court must review the Petition to determine whether "it plainly appears from the face of the petition and any attached exhibits

that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, "the judge must dismiss the petition." Rule 4, Rules Governing § 2254 Cases.

**A.** *Younger* **Absention**

Upon review of the state court appellate records, the Court takes judicial notice[1] that, pursuant to ALASKA STAT. § 44.62.570(a), Simmonds appealed the Board of Parole's administrative order to the Alaska Superior Court, which was denied on July 29, 2019. *See* https://records.courts.alaska.gov/ (Case No. 3AN-19-07804CI); Docket No. 1-1. Simmonds appealed the superior court's denial to the Alaska Supreme Court, as provided by ALASKA STAT. § 44.62.570(g). The records for that court indicate that Simmonds' Supreme Court case is currently pending and in the briefing stage. *See* https://appellate-records.courts.alaska.gov/ (Case No. S17545).

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Although *Younger* itself held that, absent extraordinary circumstances, a federal court may not interfere with a pending state-criminal prosecution, the Supreme Court and the Ninth Circuit have extended *Younger* abstention to civil cases on numerous occasions. *See, e.g.*, *Bowen v. Clay*, No. SACV 09-0359, 2009 WL 1160931, at *1 (C.D. Cal. Apr. 24, 2009)("This principle of '*Younger* abstention' is also applicable to claims raised in federal habeas corpus proceedings.") (citing *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998); *Carden v. State of Montana*, 626

---

[1] Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

-2-

F.2d 82, 83-85 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980)).

The Supreme Court has laid out a three-part test for determining when to apply *Younger* in a civil proceeding, holding that abstention is required so long as the state proceedings: (1) are ongoing; (2) implicate "important state interests"; and (3) provide an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). To these three threshold requirements, the Ninth Circuit has articulated an implied fourth requirement that abstention is required if (4) the federal court action would "enjoin the proceeding, or have the practical effect of doing so." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148-49 (9th Cir. 2007). "Nevertheless, the federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment or that some other 'extraordinary circumstances' exist, such as proceedings pursuant to a 'flagrantly' unconstitutional statute." *Bowen*, 2009 WL 1160931, at *1 (quoting *Younger*, 401 U.S. at 53-54).

A review of these factors in this case weigh in favor of applying the *Younger* doctrine in this case. Ensuring the validity of its convictions and the correct calculation of sentences is an important state interest. *See Contreras v. Schiltgen*, 122 F.3d 30, 33 (9th Cir. 1997) (holding that a petitioner currently in federal custody seeking to challenge his future state custody may only do so in an action against the state "which has the greatest interest in preserving its judgment and the best ability to either correct or defend it"). Likewise, it is clear that the federal implications of each of the state-law issues Simmonds is attempting to assert in this proceeding may be raised in his pending state-court proceeding. Moreover, if this Court were to grant Simmonds the relief requested, it would effectively render any further action by the Alaska state courts a nullity.[2]

---

[2] It appears that Simmonds attempts to use this Petition to force the Alaska Supreme Court to more timely adjudicate his pending post-conviction motion, given that the state appellate court has already denied his motion for expedited consideration. "Where, as here, a petitioner seeks to adjudicate in federal court the merits of a speedy trial claim before the state-court proceeding concludes, *Younger* absent is proper 'unless the petitioner [can] show that 'special circumstances' warrant[] federal intervention.'" *Shehee v. Baca*, 588 F. App'x 716, 717

Under the *Younger* doctrine, the Court may not enter such a judgment. Indeed, it lacks jurisdiction to do so.[3] Accordingly, this Court must abstain and dismiss this action. *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of *Younger*, a district court must dismiss the federal action.") (citation omitted).

**B.     Exhaustion**

This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petition to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Id.* at 365-66. To satisfy the "fairly present" requirement, the petitioner must present his or her federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam). In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court.

---

(9th Cir. 2014) (quoting *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)). No special circumstances warrant such departure here.

   [3]     Simmonds also argues that state law provides him the right to a stay of the administrative order he is appealing. Simmonds appears to rely on ALASKA STAT. § 44.62.570(h), which mandates that "the supreme court may, in its discretion, stay the . . . agency order" during the pendency of the appeal. But whatever his rights may be under state law, Simmonds has no constitutionally-based right to a stay of the administrative order, particularly given that this Court has no jurisdiction over the matter in any event.

-4-

Here, because Simmonds' PCR application is still pending in the Alaska Supreme Court, Simmonds has also failed to satisfy complete exhaustion, which may only be achieved once the Alaska Supreme Court enters final judgment in Case No. S17545. Because this Petition is dismissed without prejudice, Simmonds is permitted to bring a renewed petition for Writ of Habeas Corpus before this Court. If Simmonds chooses to bring a renewed petition, however, he must base his petition on grounds for relief that have already been evaluated all the way through the Alaska Supreme Court.

**IT IS THEREFORE ORDERED THAT:**

1. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED without prejudice**. Mr. Simmonds may file a timely new habeas petition in this Court after all federal claims that he seeks to raise have been exhausted in the state courts through complete exhaustion in the Alaska Supreme Court.

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court shall enter judgment in this case accordingly.

4. The Clerk of Court is directed to mail a copy of this order to Simmonds, along with a copy of the District Court's handbook, "Representing Yourself in Alaska's Federal Court."

5. The Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

Dated: November 26, 2019.

 /s/ James K. Singleton, Jr.  
JAMES K. SINGLETON, JR.  
Senior United States District Judge